972 F.2d 1355
 14 ITRD 1519
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SKF USA INC.; AB SKF; SKF GmbH and SKF Gleitlager GmbH;
SKF France and Sarma; RIV-SKF Industries, S.p.A.;
SKF Sverige AB; and SKF (U.K.)
Limited, Plaintiffs-Appellants,
v.
UNITED STATES DEPARTMENT OF COMMERCE and Robert A.
Mosbacher, Secretary of Commerce, Defendants-Appellees,
and
The Torrington Company, Defendant-Appellee.
 No. 91-1368.
 United States Court of Appeals, Federal Circuit.
 June 30, 1992.
 
 Before RICH, MAYER and PLAGER, Circuit Judge.
 PLAGER, Circuit Judge.
 
 
 1
 Appellants (collectively, SKF) challenge a judgment of the Court of International Trade,[1] which affirmed the International Trade Administration's (ITA's) determination regarding standing of a petitioner for initiation of an antidumping investigation. The ITA found that The Torrington Company (Torrington) had standing. We affirm.
 
 BACKGROUND
 
 2
 Torrington filed an antidumping duty petition on March 31, 1988. The petition, filed with the ITA pursuant to 19 U.S.C. § 1673a(b)(1), complained of certain antifriction bearings imported from nine countries. The ITA found that Torrington had standing to bring the petition on behalf of the domestic industry in each of the five classes found to exist among the subject bearings.
 
 
 3
 SKF is a major U.S. producer of antifriction bearings. SKF also manufactures and exports antifriction bearings in five of the nine countries referred to in Torrington's petition--the Federal Republic of Germany, France, Italy, Sweden and the United Kingdom--and imports bearings from these countries to the United States.
 
 
 4
 There is no question that the petition was brought by an interested party as required by section 1673a(b)(1). SKF argues that, in addition, the statute requires the petitioner to affirmatively demonstrate that a majority of the domestic industry support the petition. SKF also challenges the Court of International Trade's position that the ITA need not suspend an investigation when it is shown that less than a majority of the industry supports the petition. See SKF USA, 762 F.Supp. at 347.
 
 DISCUSSION
 
 5
 In a decision that issued after SKF argued the present appeal, this court fully addressed the issues raised here, and in a precedential opinion decided them contrary to the position espoused by SKF. Suramerica v. United States, Nos. 91-1015, -1050 & -1055, --- F.2d ----, --- Fed.Cir. (T) ---- (June 11, 1992). On the record before us, the Court of International Trade did not err in affirming the decision of the ITA.
 
 
 
 [1]
 SKF USA, Inc. v. U.S. Dep't of Commerce, 762 F.Supp. 344 (1991)